UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LEE ENTERPRISES, INC. & LEE PUBLICATIONS, INC., d/b/a ELKO DAILY FREE PRESS,<br><br>        Defendants.<br><br>SILVER STATE FAIR HOUSING COUNCIL,<br><br>        Plaintiff,<br><br>    vs.<br><br>ELKO DAILY FREE PRESS & LEE ENTERPRISES, INC.,<br><br>        Defendants. | Case No. 3:09-cv-00647<br>(previously consolidated with 3:09-CV-0140) |

**CONSENT DECREE**

1. The United States initiated this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 3612(o), alleging that the Defendants have violated 42 U.S.C. § 3604(c) of the Fair Housing Act. Silver State Fair Housing Council ("SSFHC") filed its complaint pursuant to 42 U.S.C. § 3613 on March 16, 2009, in Case No. 3:09-CV-0140, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, et seq. On January 13, 2010, the Court ordered that Silver State Fair Housing Council v. Nelson M. Wallace Trust, et al., Case No. 3:09-cv-00140, be consolidated with United States v. Lee Enterprises, Inc., et al., Case No. 3:09-cv-00647. The Court further ordered United States v. Lee Enterprises, Inc., et al., to be the lead case, with 3:09-cv-00647 as the case number.

2

2. Defendant Lee Publications, Inc. ("LPI"), a Delaware corporation with its principal place of business in Davenport, Iowa, does business as a newspaper called the Elko Daily Free Press. LPI is itself a wholly-owned subsidiary of Lee Enterprises, Inc. ("LEI"), a Delaware corporation with its principal place of business in Davenport, Iowa. The United States alleges that LPI operates the Elko Daily Free Press as an alter ego or agent of LEI.

3. The United States, in its Complaint, has alleged that on or about October 2008, the Defendants, through the Elko Daily Free Press, published or caused to be published an advertisement with respect to the rental of a dwelling at the Wallace Mobile Home Park that indicated a preference, limitation, and discrimination based on familial status in violation of 42 U.S.C. § 3604(c).

4. In an effort to avoid costly litigation, the Plaintiffs and the Defendants have voluntarily agreed, as indicated by the signatures below, to resolve the Plaintiffs' claims against the Defendants without the necessity of a hearing on the merits and without admission of liability or wrongdoing on the part of Defendants.

**Wherefore, it is ORDERED, ADJUDGED and DECREED:**

### I. Injunctive Relief

5. Defendants LEI and LPI, along with their officers, agents, employees, subsidiaries, and those persons in active concert with them, are enjoined from making, printing, publishing, or causing to be made, printed, or published any notice, statement or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination in violation of 42 U.S.C. § 3604(c).

## II. Nondiscrimination Policies

6. Except as noted below, Defendants shall take the following steps within thirty (30) days after the date of entry of this Decree:

   A. <u>Review of Submitted Advertisements</u>

      i. Defendants shall review all advertisements for dwellings[1] submitted for publication in any newspaper, magazine, or other print publication owned or operated by the Defendants or their subsidiaries.[2] Prior to publication, Defendants shall reject any advertisement that indicates any preference, limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin.

      ii. The paragraph above does not apply to any advertisement for dwellings submitted for posting solely on any website associated with any of the Print Publications.[3] However, the paragraph above does apply to any advertisement for dwellings submitted for joint publication in a Print Publication and on an Associated Website.

   B. <u>Posting of Non-Discrimination Policy</u>

      i. In the classified section[4] of all Print Publications, Defendants shall post a short statement informing readers of the classified section that the federal Fair Housing Act prohibits advertisements that indicate any preference,

---

[1] "Dwellings," as used in this Decree, is defined by the Fair Housing Act, 42 U.S.C. § 3602(b).
[2] Newspapers, magazines, or other print publications owned or operated by the Defendants or their subsidiaries that contain classified advertising for dwellings are referred to herein as "Print Publications."
[3] Websites associated with any of the Defendants' Print Publications (as defined in footnote 2, above) are referred to herein as "Associated Websites."
[4] "Classified section," as used in this Decree, refers to the section of a Print Publication or Association Website in which Defendants publish advertisements for dwellings.

4

limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin. This statement shall also state that readers are encouraged to report any discriminatory advertisements to the Defendants.

    ii. In the classified section of all Associated Websites, Defendants shall post a short statement informing users of the Associated Website's classified section that the federal Fair Housing Act prohibits advertisements that indicate any preference, limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin. This statement shall also state that users are encouraged to report any discriminatory advertisements to the Defendants. This statement shall be prominently placed[5] on the same webpage on which users make final submissions of classified advertisements for dwellings. Adjacent to this statement, Defendants shall also place a link asking users whether they would like more information regarding fair housing in advertising and the Fair Housing Act.[6]

    iii. Within 180 days after the date of entry of this Decree, Defendants shall revise its standard written contract for publication of advertisements for dwellings to be published in any print publication (including contemporaneous, joint, or concurrent posting on an Associated Website) to include a statement that the federal Fair Housing Act prohibits

---

[5] This statement will be published in 14-point font (at minimum) and placed proximate to the function/button whereby users submit classified advertisements for dwellings.

[6] If the user elects to receive more information, they will be directed to the following webpage: http://www.hud.gov/offices/fheo/FHLaws/yourrights.cfm.

5

advertisements that indicate any preference, limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin. The revised standard written contract shall be used for any new or renewed written contracts for publication of advertisements for dwellings to be published in any print publication executed beginning on or after 180 days after entry of this Decree.

C. <u>Public Reporting of Advertisements</u>

 i. In the classified section of all Print Publications, Defendants shall include contact information for readers to report to Defendants any advertisements for dwellings the readers believe may be in violation of the Fair Housing Act.  Defendants shall review any reported advertisement in a timely manner and make best efforts to cease publication if they have a good faith belief that the reported advertisement indicates any preference, limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin in violation of the Fair Housing Act.  Defendants shall also use best efforts to remove the corresponding advertisement on any Associated Website.

 ii. In the classified section of all Associated Websites, Defendants shall include contact information for users to report to Defendants any advertisement for dwellings the users believe are in violation of the Fair Housing Act.  If a user of an Associated Website reports an advertisement on an Associated Website that is also published in any of the Defendants' Print Publications, Defendants shall review that advertisement in a timely

6

        manner and make best efforts to cease publication if they have a good faith belief that the reported advertisement indicates any preference, limitation, or discrimination because of race, color, religion, sex, disability, family status, or national origin in violation of the Fair Housing Act. Defendants shall also use best efforts to remove the corresponding advertisement on any Associated Website.

    iii.    If, after best efforts, Defendants make a good faith determination that a reported advertisement does not violate the Fair Housing Act, they shall have no obligation under this Section to remove that advertisement.

### III. Mandatory Training

7. Within ninety (90) days after the date of entry of this Decree, Defendants shall provide an educational program for its officers, agents, and employees who have substantive review responsibilities[7] for advertisements for dwellings submitted for publication to any of the Print Publications.[8] Defendants shall pay the cost of this educational program. The content and form of the educational program shall be reviewed and approved by the United States and Silver State Fair Housing Council. Subject to the approval of the United States and Silver State Fair Housing Council, the educational program may be in the form of an electronic "webinar" transmission. The program shall offer instruction regarding the officers', agents', or employees' obligations under the Decree, the non-

---

[7] Officers, agents, and employees with "substantive review responsibilities" encompass those who have greater than administrative or transactional involvement with advertisements for dwellings.

[8] This obligation extends to officers, agents, and employees who have substantive review responsibilities for advertisements for dwellings submitted for concurrent publication in both a Print Publication and an Associated Website.

discrimination policy set forth in Section II, and the Fair Housing Act. Each individual required to participate in the educational program referenced in this Section shall certify that he or she has participated in the educational training program, and understands and acknowledges his or her duties and responsibilities under this Decree and the federal Fair Housing Act, by completing an acknowledgement in the form of Attachment A to this Decree.[9]

8. During the term of this Decree, within sixty (60) days after the date he or she commences an agency or employment relationship with a Defendant, each new officer, agent, or employee whose duties include substantive review responsibility for advertisements for dwellings submitted for publication to any of the Defendants' Print Publications[10] shall be given the educational program described in the preceding paragraph, and shall complete the acknowledgement in the form of Attachment A to this Decree.[11]

### IV. Silver State Fair Housing Council

9. The Defendants, their agents and employees agree to the following terms to resolve Plaintiff Silver State Fair Housing Council's ("SSFHC") claims:

   A. Defendant Elko Daily Free Press will provide a quarter-page advertisement to SSFHC each month for 24 months, commencing with the month following the entry of this Decree;

---

[9] In an electronic "webinar" transmission, individuals may complete this acknowledgement electronically by using a click-box.

[10] This obligation extends to new officers, agents, and employees who have substantive review responsibilities for advertisements for dwellings submitted for concurrent publication in both a Print Publication and an Associated Website.

[11] In an electronic "webinar" transmission, individuals may complete this acknowledgement electronically by using a click-box.

B. Defendants agree to execute mutual releases with Plaintiff SSFHC substantially in the form of Attachment B of this Decree and subject to the terms of this Decree;

C. Defendants shall make a monetary payment of $5,000.00 to Silver State Fair Housing Council in the form of a check made payable to "Silver State Fair Housing Council," and delivered to Brancart & Brancart, 8205 Pescadero Road, Loma Mar, California, 94021, within 14 days of the entry of this Decree;

D. Defendants shall make a payment of $8,750.00 in the form of a check made payable to "Brancart & Brancart" and delivered to Brancart & Brancart, 8205 Pescadero Road, Loma Mar, California, 94021, within 14 days of the entry of this Decree, representing satisfaction of SSFHC's claims for attorney's fees and costs.

### V. Notification and Document Retention Requirements

10. Within one hundred eighty (180) days after the date of entry of this Decree, Defendants will submit to the United States an initial report (1) detailing the actions they have taken to comply with Section II of this Decree, including all advertisements reported by users or readers pursuant to the processes set forth in Paragraph 6(C), including the text of the reported advertisement, the date of the user- or reader-report, Defendants' action(s) in response to the report, if any, and the date by which the Defendants took the action(s), if any; and (2) containing a list of Defendants' officers, agents, and employees who have completed the training program specified in Section III of this Decree and completed the acknowledgement included in Attachment A of this Decree . Thereafter during the term of this Decree, Defendants will, on the anniversary of the entry of this Decree, submit to the United States a compliance report containing the information described in this

9

paragraph generated during the relevant time period of the report.  The last compliance report will be due sixty (60) days prior to the anniversary.

11. For the duration of this Decree, Defendants will advise the United States in writing within fifteen (15) days of receipt of any written administrative or legal fair housing complaint against them, or against any employees or agents of the Defendants in connection with such employee's or agent's work at any Print Publication or Associated Website, regarding discrimination in housing.  Upon reasonable notice, Defendants will also provide the United States all information it may request concerning any such complaint.  Defendants will also advise counsel for the United States, in writing, within fifteen (15) days of the resolution of any complaint.

12. For the term of this Decree, Defendants are required to preserve all records related to this Decree.  Throughout the term of this Decree and upon reasonable notice to the Defendants, representatives of the United States will be permitted to: inspect and copy any records of the Defendants, inspect copies of any Print Publications, or access any Associated Websites to monitor compliance with this Decree.

### VI.   Scope and Duration of Consent Decree

13. The provisions of this Decree shall apply to the Defendants LEI and LPI, and their officers, agents and employees who have supervisory or substantive review responsibilities for advertisements for rentals or sublets on any Print Publication or Associated Website.

14. This Decree is effective immediately upon its entry by the Court and shall remain in effect for two (2) years from the date of entry.

15. The Court shall retain jurisdiction for the duration of this Decree to enforce the terms of the Decree, after which time the case shall be dismissed with prejudice.

16. The Court may, upon motion by the United States, extend the period in which this Decree is in effect if it determines that the Defendants have likely violated one or more terms of this Decree or if the interests of justice otherwise require an extension of the terms of the Decree.

17. The parties to this Decree shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event that the Defendants either fail to perform in a timely manner any act required by this Decree or acts in violation of any provision of this Decree, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of any damages and costs that may have been occasioned by the Defendants' action(s) or inaction.

18. Any time period set forth within this Decree for the performance of any act may be changed by written agreement of the parties without Court approval.

## VII. Notices and Correspondence

19. All correspondence required to be sent to the United States under the provisions of this Decree shall be sent to the U.S. Department of Justice, c/o the undersigned counsel for the United States, at the following addresses:

>   Regular U.S. Mail:   950 Pennsylvania Avenue, N.W., Washington, D.C. 20530
>
>   Overnight Mail:   1800 G Street, N.W., Suite 7002, Washington, D.C. 20006

Correspondence may also be sent via electronic mail to the U.S. Department of Justice, c/o the undersigned counsel for the United States.

### VIII. Costs of Litigation

20. Except as specifically provided in this Decree, each party to this litigation will bear its own costs and attorney's fees associated with this litigation.

It is so ORDERED this 10th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

12

The undersigned agree to and request the entry of this Decree:

For the United States:

| | |
|---|---|
| DANIEL G. BOGDEN<br>United States Attorney<br>District of Nevada | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division |
| | /S/ Daniel H. Yi_____<br>STEVEN H. ROSENBAUM<br>Chief<br>R. TAMAR HAGLER<br>Deputy Chief |
| HOLLY A. VANCE<br>Assistant United States Attorney<br>100 W. Liberty Street, Ste. 600<br>Reno, NV 89501<br>Tel: (775) 784-5438<br>Fax: (775) 784-5181<br>Email: holly.a.vance@usdoj.gov | DANIEL H. YI<br>Trial Attorney<br>United States Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue, N.W.<br>Northwestern Building, 7th Floor<br>Washington, DC 20530<br>Tel: (202) 514-4701<br>Fax: (202) 514-1116<br>Va. Bar No.: 73540<br>Email: daniel.yi@usdoj.gov |

Dated: November 9, 2010

For Complainant-Plaintiff Silver State Fair Housing Council:

/S/ Christopher L. Brancart_____
CHRISTOPHER L. BRANCART
Brancart & Brancart
P.O. Box 686
Pescadero, California 94060
(650) 879-0141
cbrancart@brancart.com


Dated: November 9, 2010

For Defendants Lee Enterprises, Inc., and Lee Publications, Inc.:

/S/ Theresa L. Kitay_____
THERESA L. KITAY
578 Washington Blvd.
Suite 836
Marina del Rey, CA  90292
(310) 578-9134
tkitay@kitaylaw.net


Dated: November 9, 2010

**ATTACHMENT A**

On _____, 20__, I was instructed on procedures to ensure that race, sex, religion, disability, family status, and national origin limitations and/or preferences are not published or otherwise disseminated in the classified and/or advertisement section of [NAME OF NEWSPAPER AND/OR WEBSITE], or in the classified and/or advertisement section of any other newspaper or website published by Lee Enterprises, Inc., Lee Publications, Inc., or any of their subsidiaries. I was also given the opportunity to ask questions and review each of the foregoing areas.  I understand that I have a legal obligation to follow the procedures on which I have been trained.

_____
(Signature)

_____
(Print name)

_____
(Date)

## ATTACHMENT B

## **MUTUAL RELEASE**

This Mutual Release, dated _____, 2010, is executed by and between Plaintiff Silver State Fair Housing Council, Inc. ("SSFHC"), on the one hand and Defendants Lee Enterprises, Inc., & Lee Publications, Inc., d/b/a Elko Daily Free Press (collectively, the "Defendants"), on the other hand.

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, SSFHC and Defendants, for themselves, their successors, heirs and assigns, fully and forever release, acquit, and forever discharge each other, and each and every one of their affiliates, successors, assigns, heirs, administrators, controlling and/or otherwise related entities, partners, employers, employees, attorneys, servants, agents, officers, directors, and all other representatives, of and from all claims, actions, causes of action, demands, rights, damages, costs, and expenses, which the undersigned have now or which may hereafter accrue, relating to, or in any way connected with, the events and occurrences as set forth and described in and which are the subject of the complaint pending in the United States District Court for Nevada, <u>Silver State Fair Housing Council, Inc. v. Lee Enterprises, et al.</u>, etc., Case No. 3:09-cv-140 and <u>United States v. Lee Enterprises, et al.</u>, Case No. 3:09-cv-00647 (together, "the Action") except for and subject to the terms and conditions set forth in the Consent Decree entered by the District Court.

This is intended as a full and complete release and discharge of any and all claims that the undersigned may or might have or had by reason of the incidents or activities as alleged in the Complaint except for and subject to the terms and conditions set forth in the Consent Decree and final order entered by the District Court pursuant to the settlement and dismissal of the Action.

The undersigned hereby declare and represent that the undersigned are executing this Mutual Release after having received full legal advice as to their rights from their legal counsel.

Each signatory is legally competent and authorized to execute this agreement on

///
///
///
///
///

17

behalf of the party whose name is subscribed at the signatories' line.

This Release may be executed in counterparts.

The undersigned hereby certify that the undersigned have read all of this release and fully understand all of same.

SILVER STATE FAIR HOUSING COUNCIL, INC.

By: _____        _____
    Katherine E. Knister                                               Date

LEE ENTERPRISES, INC., and LEE PUBLICATIONS, INC.

By: _____        _____
    Lee Enterprises, Inc                                                  Date

By: _____        _____
    Lee Publications, Inc.                                               Date